UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**           CASE NO. 3:22-CV-721

      **Plaintiff,**

v.

**ROBERT ATTEBERRY, MARCUS NEWSOME, DANIEL PHILBERT, JONATHAN AIKIN, STEVEN LOLA, CHRISTOPHER LANGKAU, and AUSTIN FOWLER, individually,**

      **Defendant,**

_____/

## DEFENDANT JONATHAN AIKIN'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, JONATHAN AIKIN, by and through undersigned counsel, responds to Plaintiff's Complaint and states as follows:

### Jurisdiction and Venue

1.  Admitted solely for purposes of jurisdiction; otherwise denied.

2.  Admitted solely for purposes of jurisdiction; otherwise denied.

3.  Admitted that the Middle District of Florida is one possible proper venue for this action.

4.  Denied.

1

## Parties

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

## Common Allegations of Fact

14. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

15. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

16. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

17. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

18. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

19. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

24. Defendant is without knowledge, therefore denied.

25. Defendant is without knowledge, therefore denied.

26. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, Defendant is without knowledge, therefore denied.

27. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, Defendant is without knowledge, therefore denied.

28. Defendant is without knowledge, therefore denied.

29. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, Defendant is without knowledge, therefore denied.

30. Defendant is without knowledge, therefore denied.

31. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, defendant is without knowledge, therefore denied.

32. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, defendant is without knowledge, therefore denied.

33. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, defendant is without knowledge, therefore denied.

34. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, defendant is without knowledge, therefore denied.

35. Denied.

### A. June 28, 2018 Retaliatory Use of Force

36. Defendant is without knowledge, therefore denied.

37. Defendant is without knowledge, therefore denied.

38. Defendant is without knowledge, therefore denied.

39. Defendant is without knowledge, therefore denied.

40. Defendant is without knowledge, therefore denied.

41. Defendant is without knowledge, therefore denied.

42. Defendant is without knowledge, therefore denied.

43. Defendant is without knowledge, therefore denied.

44. Defendant has filed a motion to strike the immaterial, impertinent, and scandalous language contained in this paragraph. To the extent that a response is required, denied.

45. Defendant is without knowledge, therefore denied.

46. Defendant is without knowledge, therefore denied.

47. Defendant is without knowledge, therefore denied.

48. Defendant is without knowledge, therefore denied.

49. Defendant is without knowledge, therefore denied.

### B. July 27, 2018, Retaliatory Use of Force

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendant is without knowledge, therefore denied.

## Causes of Action

### I.     Violation of 42 U.S.C. § 1983 for First Amendment Retaliation

59. Denied, admitted, and without knowledge, as stated above.

To the extent that a response is required to the allegations against Defendant Atteberry in Count I, denied.

### II.    Violation of 42 U.S.C. § 1983 for Excessive Force

64. Denied, admitted, and without knowledge, as stated above.

65. Denied.

66. Denied.

67. Denied.

### III.   Violation of 42 U.S.C. § 1983 for Supervisor Liability

68. Denied, admitted, and without knowledge, as stated above.

To the extent that a response is required to the allegations against Defendants Philbert and Lola in Count III, denied.

| IV. | **Violation of 42 U.S.C. § 1983 for Failure to Intervene** |
|---|---|

72. Denied, admitted, and without knowledge, as stated above.

To the extent that a response is required to the allegations against Defendants Newsome, Lola, Langkau, and Fowler in Count IV, denied.

| V. | **Violation of 42 U.S.C. § 1983 for Failure to Protect** |
|---|---|

76. Denied, admitted, and without knowledge, as stated above.

To the extent that a response is required to the allegations against Defendants Newsome, Lola, Langkau, and Fowler in Count V, denied.

| VI. | **Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983** |
|---|---|

80. Denied, admitted, and without knowledge, as stated above.

81. Denied.

82. Denied.

83. Denied.

| VII. | **Abuse or Neglect of a Vulnerable Adult §415.1111, Fla. Stat. (Atteberry, Newsome, Philbert, Aikin, Lola, Langkau, and Fowler)** |
|---|---|

84. Denied, admitted, and without knowledge, as stated above.

85. Denied.

86. Denied.

7

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Defendant Aikin admits, denies, and is without knowledge as to the allegations in Paragraph 91 as follows:

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Defendant is without knowledge, therefore denied.

## **Prayer for Relief**

To the extent that a response is required to the Prayer for Relief, denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint and every cause of action therein has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff has failed to mitigate and lessen damages, if any he sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

4. If the Plaintiff has mitigated his own alleged damages, the Defendant is entitled to an offset for this amount.

5. To the extent Defendants were acting within the scope of their employment with the Florida Department of Corrections, Defendants are entitled to qualified immunity.

6. People or entities other than Defendant may have caused or contributed to the damages Plaintiff claims to have suffered, therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

7. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

8. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

9. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add to or amend these affirmative defenses as discovery proceeds or additional pleadings are filed.

10. Plaintiff is an inmate currently in the custody of the Florida Department of Corrections and has failed to exhaust the administrative remedies available to him prior to initiating the present lawsuit, which requires dismissal pursuant to the Prison Litigation Reform Act, 42, U.S.C. § 1997e(a).

    Respectfully submitted,

    /s/ Liane S. LaBouef
    Liane LaBouef
    Florida Bar No. 1025198
    Howell, Buchan & Strong
    2898-6 Mahan Drive
    Tallahassee, Florida 32308
    (850) 877-7776
    Liane@jsh-pa.com

*Attorney for Defendant Aikin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed electronically through Florida Courts E-Filing Portal to all counsel of record this 7th day of November, 2022.

/s/*Liane S. LaBouef*
Liane S. LaBouef