UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GENARD DENEZ CHESTNUT,**          CASE NO. 3:22-CV-721

        **Plaintiff,**

v.

**ROBERT ATTEBERRY, DANIEL PHILBERT, JONATHAN AIKIN, STEVEN LOLA, CHRISTOPHER LANGKAU, and AUSTIN FOWLER, individually,**

        **Defendant,**
_____/

## DEFENDANT STEVEN LOLA'S ANSWER AND AFFIRMATIVE DEFENSES FOR AMENDED COMPLAINT

Defendant, STEVEN LOLA, by and through undersigned counsel, responds to Plaintiff's Complaint and states as follows:

### Jurisdiction and Venue

1. Admitted solely for purposes of jurisdiction; otherwise denied.

2. Admitted solely for purposes of jurisdiction; otherwise denied.

3. Admitted that the Middle District of Florida is one possible proper venue for this action.

4. Denied.

1

## Parties

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

## Common Allegations of Fact

13. Defendant is without knowledge, therefore denied.

14. Defendant is without knowledge, therefore denied.

15. Defendant is without knowledge, therefore denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted that Genard Chestnut was a prisoner at FSP during the referenced period. Otherwise denied.

21. Denied.

22. Defendant is without knowledge, therefore denied.

23. Defendant is without knowledge, therefore denied.

24. Denied.

25. Defendant is without knowledge, therefore denied.

26. Defendant is without knowledge, therefore denied.

27. Defendant is without knowledge, therefore denied.

28. Defendant is without knowledge, therefore denied.

29. Defendant is without knowledge, therefore denied.

30. Defendant is without knowledge, therefore denied.

31. Defendant is without knowledge, therefore denied.

32. Defendant is without knowledge, therefore denied.

33. Defendant is without knowledge, therefore denied.

34. Defendant is without knowledge, therefore denied.

35. Defendant is without knowledge, therefore denied.

36. Defendant is without knowledge, therefore denied.

37. Defendant is without knowledge, therefore denied.

38. Defendant is without knowledge, therefore denied.

39. Defendant is without knowledge, therefore denied.

40. Defendant is without knowledge, therefore denied.

41. Defendant is without knowledge, therefore denied.

42. Defendant is without knowledge, therefore denied.

43. Defendant is without knowledge, therefore denied.

44. Defendant is without knowledge, therefore denied.

45. Defendant is without knowledge, therefore denied.

46. Defendant is without knowledge, therefore denied.

47. Defendant is without knowledge, therefore denied.

48. Defendant is without knowledge, therefore denied.

49. Defendant is without knowledge, therefore denied.

50. Defendant is without knowledge, therefore denied.

51. Defendant is without knowledge, therefore denied.

52. Defendant is without knowledge, therefore denied.

53. Defendant is without knowledge, therefore denied.

54. Denied.

55. Defendant is without knowledge, therefore denied.

56. Denied.

57. Defendant is without knowledge, therefore denied.

58. Denied.

## Causes of Action

I. **Violation of 42 U.S.C. § 1983 for First Amendment Retaliation**

59. Denied, admitted, and without knowledge, as stated above.

4

To the extent that a response is required to the allegations against Defendant Atteberry in Count I, denied.

**II.     Violation of <ins>42 U.S.C. § 1983</ins> for Excessive Force**

64.   Denied, admitted, and without knowledge, as stated above.

To the extent that a response is required to the allegations against Defendants Atteberry and Aikin in Count II, denied.

**III.    Violation of <ins>42 U.S.C. § 1983</ins> for Supervisor Liability**

68.   Denied, admitted, and without knowledge, as stated above.

69.   Denied.

70.   Denied.

71.   Denied.

**IV.    Violation of <ins>42 U.S.C. § 1983</ins> for Failure to Intervene**

72.   Denied, admitted, and without knowledge, as stated above.

73.   Denied.

74.   Denied.

75.   Denied.

**V.     Violation of <ins>42 U.S.C. § 1983</ins> for Failure to Protect**

76.   Denied, admitted, and without knowledge, as stated above.

77.   Denied.

78.   Denied.

5

79. Denied.

### VI. Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983

80. Denied, admitted, and without knowledge, as stated above.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

### VII. Abuse or Neglect of a Vulnerable Adult §415.1111, Fla. Stat.

88. Denied, admitted, and without knowledge, as stated above.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Defendant admits, denies, and is without knowledge as to the allegations in Paragraph 95 as follows:

      a.     Denied.

      b.     Denied.

      c.     Denied.

      d.     Denied.

96. Denied.

97. Denied.

98. Denied.

99. Defendant is without knowledge, therefore denied.

## Prayer for Relief

To the extent that a response is required to the Prayer for Relief, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff has failed to mitigate and lessen damages, if any he sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

4. If the Plaintiff has mitigated his own alleged damages, the Defendant is entitled to an offset for this amount.

5. To the extent Defendants were acting within the scope of their employment with the Florida Department of Corrections, Defendants are entitled to qualified immunity.

6. People or entities other than Defendant may have caused or contributed to the damages Plaintiff claims to have suffered, therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

7. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is

barred from recovery, in whole or in part, against Defendant with respect to such injuries.

8. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

9. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add to or amend these affirmative defenses as discovery proceeds or additional pleadings are filed.

10. Plaintiff is an inmate currently in the custody of the Florida Department of Corrections and has failed to exhaust the administrative remedies available to him prior to initiating the present lawsuit, which requires dismissal pursuant to the Prison Litigation Reform Act, 42, U.S.C. § 1997e(a).

          Respectfully submitted,

          */s/ Liane S. LaBouef*
          Liane LaBouef
          Florida Bar No. 1025198
          Howell, Buchan & Strong
          2898-6 Mahan Drive
          Tallahassee, Florida 32308
          (850) 877-7776
          Liane@jsh-pa.com
          *Attorney for Defendant Lola*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed electronically through Florida Courts E-Filing Portal to all counsel of record this 27th day of January, 2023.

                                          /s/Liane S. LaBouef
                                          Liane S. LaBouef